UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON NORRIS,

        Petitioner,

v.                                          CASE NO. 2:19-cv-10857

S. L. BURT,                         HONORABLE NANCY G. EDMUNDS

        Respondent.
_____/

**OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Aaron Norris, a state inmate at the Muskegon Correctional Facility in Muskegon, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his sentence of twenty-five to fifty years for an assault on grounds that his sentencing guidelines were inaccurately scored and that he was denied fundamental fairness in violation of the United States Constitution. Respondent S. L. Burt urges the Court to deny the habeas petition for lack of merit. The Court agrees that Petitioner is not entitled to relief. Accordingly, the petition will be denied.

**I. Background**

Petitioner was charged in Jackson County, Michigan with three crimes: assault with intent to commit murder, Mich. Comp. Laws § 750.83; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. On February 3, 2017, Petitioner pleaded guilty in Jackson County Circuit Court to assault with intent to commit murder. (ECF No. 12-1, PageID.85.) In exchange for Petitioner's plea on the assault count, the

prosecutor agreed to dismiss the other two counts. (*Id.* at PageID.82-83.) The factual basis for Petitioner's plea was that, on November 8, 2015, he assaulted Cathy Norris, his former wife, by firing a gun at Ms. Norris while she was seated in her vehicle. (*Id.* at PageID.85-86.) Petitioner admitted that he fired the gun with the intent to commit murder. (*Id.* at 86.)

At Petitioner's sentencing on March 9, 2017, the prosecutor argued that the score for offense variable six (OV 6) of the sentencing guidelines should be increased from twenty-five points to fifty points because Petitioner had premeditated the intent to kill. (ECF No. 12-2, PageID.95-96.) Petitioner objected to the prosecutor's argument on the basis that, despite his plea, he had no intention of killing Ms. Norris. (*Id.* at PageID.96.) The trial court agreed with the prosecutor and scored OV 6 at fifty points because "it look[ed] premeditated." (*Id.* at PageID.96-97.) With that change and two other changes to the scoring of the offense variables, the sentencing guidelines were scored at 225 to 375 months (eighteen years, nine months to thirty-one years, three months). (*Id.*) The trial court sentenced Petitioner within that range to a minimum sentence of twenty-five years and a maximum sentence of fifty years, with credit for 484 days. (*Id.* at PageID.105.)[1]

---

[1] "Michigan's sentencing guidelines . . . create a range within which the trial court must set the minimum sentence." *People v. Drohan*, 475 Mich. 140, 161; 715 N.W.2d 778, 790 (2006), *abrogated in part on other grounds by People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (2015). Thus, the minimum sentence of twenty-five years in Petitioner's case fell within the sentencing guidelines of eighteen years, nine months to thirty-one years, three months.

Petitioner challenged his sentence in a delayed application for leave to appeal in the Michigan Court of Appeals. He argued through counsel that he must be re-sentenced because

> he was sentenced on the basis of inaccurately scored guidelines, based on the court's finding of facts not proven beyond a reasonable doubt that increased the floor of permissible sentences, in violation of the rule in *Alleyne v United States*, 133 S Ct 2151 (2013), and the 6th and 14th amendments of the United States Constitution.

(ECF No. 12-3, PageID.109.) The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Norris*, No. 339897 (Mich. Ct. App. Oct. 17, 2017); ECF No. 1, PageID.34; ECF No.12-3, PageID.107.

Petitioner raised the same claim in the Michigan Supreme Court. (ECF No. 12-4, PageID.161.) The Michigan Supreme Court denied leave to appeal on May 1, 2018, because it was not persuaded to review the question presented to it. *See People v. Norris*, 501 Mich. 1062; 910 N.W.2d 288 (2018).

On March 22, 2019, Petitioner filed his *pro se* habeas corpus petition. (ECF No. 1.) He claims that the Michigan Court of Appeals erred when it determined that OV 6 was properly scored. Petitioner also contends that the appellate court's error deprived him of fundamental fairness in violation of the Sixth and Fourteenth Amendments to the United States Constitution. (*Id.* at PageID.25). Respondent counters that sentencing courts may make factual findings when, as in this case, the sentencing guidelines are discretionary and that the state courts did not unreasonably apply Supreme Court precedent when rejecting Petitioner's federal claims. (ECF. No. 11, PageID.71.)

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires prisoners who challenge "a matter 'adjudicated on the merits in State court' to show that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' " *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). The Supreme Court has explained that

> a state court decision is "contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent."

*Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) (alterations added)).

> "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.,* at 413, 120 S.Ct. 1495. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.,* at 410, 412, 120 S.Ct. 1495. The state court's application of clearly established law must be objectively unreasonable. *Id.,* at 409, 120 S.Ct. 1495.

*Id.* at 75.

"AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt[.]' " *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal and end citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

*Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "[o]nly an 'objectively unreasonable' mistake, . . . , one 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement,' slips through the needle's eye of § 2254." *Saulsberry v. Lee*, 937 F.3d 644, 648 (6th Cir.) (quoting *Richter*, 562 U.S. at 103), *cert. denied*, 140 S. Ct. 445 (2019).

### III.  Analysis
### A.  The Due Process Claim

Petitioner acknowledges that claims of improper scoring of sentencing guidelines are questions of state law which generally are not cognizable in a habeas corpus proceeding. Nevertheless, he argues that the trial court deprived him of fundamental fairness by relying on materially false information when scoring OV 6. The disputed information is the trial court's belief that Petitioner possessed a premeditated intent to kill when he committed the crime. According to Petitioner, the facts establish an intent to scare or injure the complainant or, at worst, an unpremeditated intent to kill, rather than a premediated intent to kill. He asserts that the trial court conflated intent to kill with premeditation and, therefore, the trial court should not have increased the score for OV 6 from twenty-five points to fifty points. If the score had remained at twenty-five points, he contends, the sentencing guidelines would have been substantially lower. (ECF No. 1, PageID.25-26, 28-32.)

### 1.  Clearly Established Federal Law

The contention that the trial court incorrectly scored Petitioner's sentencing guidelines is not a cognizable claim in this habeas corpus action. A state court's

5

application and interpretation of state sentencing guidelines is "a matter of state concern only," *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "federal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Thus, the only question here is whether the trial court violated Petitioner's constitutional right to due process when scoring OV 6.

A sentence violates due process of law if the trial court relied on extensively and materially false information that the defendant had no opportunity to correct through counsel. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). To obtain relief, Petitioner must show that his sentence was "founded at least in part upon misinformation of constitutional magnitude." *United States v. Tucker*, 404 U.S. 443, 447 (1972).

### 2. Application

OV 6 "is the offender's intent to kill or injure another individual." Mich. Comp. Laws § 777.36(1). Fifty points is the proper score if "[t]he offender had premeditated intent to kill." Mich. Comp. Laws § 777.36(1)(a). A score of twenty-five points is proper if "[t]he offender had unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result." Mich. Comp. Laws § 777.36(1)(b). Ten points is appropriate if "[t]he offender had intent to injure or the killing was committed in an extreme emotional state caused by an adequate provocation and before a reasonable amount of time elapsed for the offender to calm or there was gross negligence amounting to an unreasonable disregard for life." Mich. Comp. Laws §777.36(1)(c). Finally, no points should be scored for OV 6 if "[t]he offender had no intent to kill or injure." Mich. Comp. Laws § 777.36(1)(d).

Petitioner contends that the trial court should have scored ten points for OV 6 because he had an intent to injure, or twenty-five points, at worst, for unpremeditated intent to kill. The record, however, indicates that Petitioner tried to reach the complainant by phone multiple times before the shooting. (ECF No. 12-2, PageID.95-96.) The complainant was visiting a friend late that afternoon. She left the friend's house about 8:00 p.m. and got into her truck. At the time,

> she did not see "anything out of the ordinary." However, as she backed out of the driveway and began to travel eastbound on Stanford [Lane] she then observed "what appeared to be a child's bicycle" roll out in front of the truck.

(ECF No. 12-4, PageID.194) (emphasis omitted). When she slowed down, Petitioner appeared "from what she thought was the bushes" and pointed a shotgun at her. (*Id.*)

The prosecutor theorized at Petitioner's sentencing that Petitioner was waiting in the bushes when the complainant left her friend's house and that Petitioner rolled a bike in front of the complainant to stop the vehicle. (ECF No. 12-2, PageID.96.) According to the prosecutor, Petitioner then came out of the bushes with a shotgun, pointed the shotgun at the complainant, and pulled the trigger. (*Id.*) The prosecutor concluded that "this was premeditated and thought out ahead of time. It wasn't just a spur of the moment type situation." (*Id.*)

Petitioner attempted to rebut this argument through counsel by arguing that he had no intention of killing the complainant. (*Id.*) The trial judge, however, agreed with the prosecutor because, "from everything [he had] read[,] it looked premeditated. . . ." (*Id.* at PageID.96-97.) It appears from this comment that the trial court's scoring of OV 6 was based on the record, and because the record indicated that Petitioner may have hid in the bushes and then tried to ambush the complainant, the trial court did not rely on

7

extensively and materially false information when the court concluded that Petitioner premeditated the assault. Therefore, the trial court's scoring of OV 6 was not founded on misinformation of constitutional magnitude, and Petitioner's right to due process was not violated.

In addition, the state appellate court's rejection of Petitioner's claim for "lack of merit" was not contrary to, or an unreasonable application of, Supreme Court precedent. Petitioner has no right to relief on his due process claim.

### B. The Sixth Amendment Claim

Petitioner claims that the trial court relied on facts that were not established by his plea or otherwise proved beyond a reasonable doubt. Thus, according to him, the trial court impermissibly increased the floor of the range for his sentence and invaded the province of the jury in violation of the Sixth Amendment. (ECF No. 1, PageID.26-27.)

Petitioner's Sixth Amendment argument is based on the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Alleyne v. United States*, 570 U.S. 99 (2013). (*Id.* at PageID.27-28.) In *Apprendi,* the Supreme Court stated: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

The Supreme Court applied *Apprendi* to state sentencing guidelines in *Blakely* and announced that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted

8

by the defendant." *Blakely*, 542 U.S. at 303 (emphasis omitted). In *Alleyne*, the Supreme Court further expanded on *Apprendi* and stated:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. *See [Apprendi*, 530 U.S. at 483 n. 10, 490]. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne*, 570 U.S. at 103.

After the Supreme Court issued its decision in *Alleyne*, the Michigan Supreme Court concluded in *People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (2015), "that Michigan's sentencing guidelines violate the Sixth Amendment rule from *Apprendi*, as extended by *Alleyne*." *Id.*, 498 Mich. at 389; 870 N.W.2d at 519. To remedy the constitutional flaw in the guidelines, the Michigan Supreme Court rendered Michigan's sentencing guidelines advisory only and no longer mandatory. *Id.*, 498 Mich. at 391; 870 N.W.2d at 520. Thus, under *Lockridge,* the Michigan sentencing guidelines are "no longer binding on the sentencing judge." *Reign v. Gidley*, 929 F.3d 777, 779 (6th Cir. 2019).

Petitioner was sentenced in 2017 after the Michigan sentencing guidelines became advisory and not binding on judges. The use of advisory guidelines that recommend, rather than require, the selection of particular sentences in response to differing sets of facts do not implicate the Sixth Amendment. *United States v. Booker*, 543 U.S. 220, 233 (2005). "For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Id.*; *see also Alleyne,* 570 U.S. at 116 (stating that "broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth

9

Amendment") (citing *Dillon v. United States,* 560 U.S. 817, 828-29 (2010), and *Apprendi,* 530 U.S. at 481).

Simply put, "judicial factfinding under an advisory Guidelines regime does not violate the Sixth Amendment." *United States v. Wittingen*, 519 F.3d 633, 638 (6th Cir. 2008). Accordingly, no constitutional error occurred when the trial court exercised its discretion and determined from the facts that Petitioner possessed a premeditated intent to kill. Further, the state appellate court's subsequent rejection of Petitioner's claim was not contrary to, or an unreasonable application of, clearly established federal law. Petitioner has no right to relief on his Sixth Amendment claim.

## IV. Conclusion

The last state court to issue a reasoned opinion on Petitioner's claims was the Michigan Court of Appeals, and it found no merit in the claims. The state appellate court's decision was not so lacking in justification that there was an error beyond any possibility for fairminded disagreement. Accordingly, the petition for a writ of habeas corpus is denied.

The Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may apply to the Court of Appeals for a certificate of appealability.

The Court also denies leave to proceed *in forma pauperis* on appeal from this decision. Although Petitioner was permitted to proceed *in forma pauperis* in this Court, an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

                                                    s/ Nancy G. Edmunds  
                                                    NANCY G. EDMUNDS  
Dated:  December 30, 2020      UNITED STATES DISTRICT JUDGE